UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| BENJAMIN HARRISON and MARKISHA PRESCOD, Individually and as Parents and Natural Guardians of Infants MY.H, MA.H and MI.H, infants under the age of thirteen,<br><br>                    Plaintiffs,<br><br>          -against-<br><br>CITY OF NEW YORK, DET. MICHAEL VILA, DET. ADAM GEORG, DET. RYAN PRETTY, SGT. EDWARD SCALI, PO COREY FISCHER, and UNIDENTIFIED OFFICERS OF THE NEW YORK CITY POLICE DEPARTMENT,<br><br>                    Defendants. | FIRST AMENDED COMPLAINT<br><br>Docket No.: 22-cv-4169 |

Plaintiffs, Benjamin Harrison and Markisha Prescod, individually and on behalf of their minor children MY.H., MA.H., and MI.H., by their attorneys at Barket Epstein Kearon Aldea & LoTurco, LLP, bring this action complaining of the City of New York, Det. Michael Vila, Det. Adam Georg, Det. Ryan Pretty, Sgt. Edward Scali, PO Corey Fischer, and Unidentified Officers of the New York City Police Department who before 6 o'clock in the morning on July 16, 2019, executed a no-knock warrant at the wrong address.

## **INTRODUCTION**

1.      Benjamin Harrison and Markisha Prescod live in a family residence in Queens County with their three minor children.  On a quiet morning on July 16, 2019, Markisha was changing MI.H.'s diaper and her other children were sleeping in their beds.  But before 6 a.m., a team of heavily armed government agents broke down their front door, screaming and pointing guns at the family. Benjamin arrived home from work as the police officers were searching the apartment and was prohibited from entering the residence.

2.      Plaintiff Prescod was covered only with a towel.

3.      After leaving a trail of physical destruction in the family home and psychological destruction in their minds, the New York City police officers executing this no-knock warrant, and others, explained that they had raided the wrong dwelling.  Their target, a man who was then subject to a subsequent arrest, lived in a completely separate unit.

4.      Benjamin, Markisha and their family bring the present action seeking redress for the damages inflicted by the officers' violation of their rights under the Fourth Amendment.

**PARTIES**

5.      Benjamin Harrison and Markisha Prescod are residents of the State of New York, County of Queens, and are the parents of MY.H, MA.H and MI.H, who are all residents of the State of New York, County of Queens.

6.      Defendant Det. Michael Vila, was at all relevant times a police officer in the New York City Police Department, acting under color of law, within the scope of his employment for New York City, with its assent, for its benefit, and under its control.

7.      Defendant Det. Adam Georg, was at all relevant times a police officer in the New York City Police Department, acting under color of law, within the scope of his employment for New York City, with its assent, for its benefit, and under its control.

8.      Defendant Det. Ryan Pretty, was at all relevant times a police officer in the New York City Police Department, acting under color of law, within the scope of his employment for New York City, with its assent, for its benefit, and under its control.

9.      Defendant Sgt. Edward Scali, was at all relevant times a police officer in the New York City Police Department, acting under color of law, within the scope of his employment for New York City, with its assent, for its benefit, and under its control.

10. Defendant Police Officer Corey Fischer, was at all relevant times a police officer in the New York City Police Department, acting under color of law, within the scope of his employment for New York City, with its assent, for its benefit, and under its control.

11. The Unidentified Officers of the New York City Police Department were at all relevant times agents and officers of the City of New York, a municipality in the State of New York, acting under color of law. Their true identities will be added to the caption in this matter upon the Plaintiffs' identification of the additional officers who raided their home—the wrong home—on July 16, 2019.

## FACTUAL BACKGROUND

12. At all relevant times, Benjamin Harrison and Markisha Prescod lived at 125-10 Sutphin Boulevard, C109, Jamaica, New York, a residence that is located in Queens County, New York (the "Home").

13. Benjamin Harrison and Markisha Prescod live in the Home with her three children.

14. The Home is clearly delineated as Apt. C109 with a marker next to the entrance door.

15. On or before July 16, 2019, one or more of the Defendants helped obtain a warrant to obtain no-knock entry at a residence different from the Home.

16. Before 6:00am on July 16, 2019, Ms. Prescod was changing her baby's diaper and the two other children were sleeping in their beds.

17. At approximately 6:00 am on July 16, 2019, several agents of the New York City Police Department (the "Defendants"), including the individually named defendants in this action, executed a warrant at the Home alongside other members of law enforcement.

18.     In executing the warrant at the Home, one or more of the Defendants knocked down the front door of the Home.

19.     In executing the warrant at the Home, the Defendants did not knock before going through the front door.

20.     After entering the Home, the Defendants pointed guns at Markisha and her children.

21.     After entering the Home, the Defendants yelled at Markisha and her children.

22.     After entering the Home, one or more of the Defendants directed Markisha and the children to remain in the living room of their apartment in the custody of one or more of the Defendants.

23.     In executing the warrant at the Home, the Defendants ransacked the Plaintiffs' dwelling.

24.     The Defendants executed the warrant at the wrong dwelling.

25.     There was no warrant authorizing the Defendants to search, enter, or stay in the Home.

26.     The Defendants acted objectively unreasonably in executing the warrant at the Home.

27.     Before executing the warrant, the Defendants knew or should have known that the Home was not the dwelling that formed the target of any warrant.

28.     Before executing the warrant, the Defendants knew or should have known that there was not probable cause to execute a warrant at the Home.

29.     After entering the Home, the Defendants knew or should have known that the Home was not the dwelling that formed the target of any warrant.

30.     The Defendants had no probable cause to enter the Home.

31.     The Defendants remained in the Home even after they knew or should have known that they were in the wrong residence.

## JURISDICTION AND VENUE

32.     The Court has jurisdiction over this matter under 28 U.S.C. §1331 because it presents federal questions arising under 42 U.S.C. §1983.

33.     Venue in this District is proper under 28 U.S.C. §1391, as the causes of action arose in Queens County, New York, a county sitting within the Eastern District of New York.

## JURY DEMAND

34.     Pursuant to the Seventh Amendment of the United States Constitution, Plaintiffs request a jury trial on all issues and claims set forth in the Complaint.

## CAUSES OF ACTION

### FIRST:  UNREASONABLE SEARCH IN VIOLATION OF 42 U.S.C. §1983

35.     Plaintiffs repeat the allegations above as though set forth again herein.

36.     The Defendants executed a search and entry of the Plaintiffs' residence.

37.     The Defendants did not have a warrant to search the Plaintiffs' residence or to otherwise enter it.

38.     The Defendants' search and entry of the Plaintiffs' residence was unreasonable.

39.     The Defendants lacked probable cause to justify a search or entry of the Plaintiffs' residence.

40.     There was no applicable exception to the warrant requirement to search or enter the Plaintiffs' residence.

41.     The Defendants knew or should have known that they lacked a warrant to search or enter the Plaintiffs' residence.

42.     The Defendants knew or should have known that they lacked probable cause to search or enter the Home.

43.     The Defendants acted recklessly and unreasonably in searching and entering the Home.

44.     The apartment number on the warrant was a different apartment number than C109.

45.     Knowing the correct address, Defendants nevertheless personally participated in the execution of the warrant at the wrong address, the Plaintiffs' residence.

46.     Upon executing the warrant, Defendants observed who was living in the residence, including the Plaintiffs, none of whom were the targets of the warrant, but they nevertheless allowed the warrant execution to continue.

47.     The Plaintiffs were emotionally harmed as a consequence of the Defendants' warrantless and illegal search and entry of their residence.

48.     The Plaintiffs are entitled to compensatory damages commensurate with the damages caused by the Defendants' unlawful and unreasonable no-knock search and entry of the Home.

49.     The Plaintiffs are entitled to punitive damages in light of the reprehensible nature of the Defendants' conduct.

50.     Plaintiffs are entitled to attorneys' fees arising under 42 U.S.C. §1988(b).

**SECOND:  FALSE ARREST IN VIOLATION OF 42 U.S.C. §1983**

51.     Plaintiffs repeat the allegations above as though set forth again herein.

52.     Plaintiffs Prescod, MY.H., MI.H., and MA.H were illegally seized.

53. The Defendants intended to confine Plaintiffs Prescod, MY.H., MI.H., and MA.H..

54. Plaintiffs Prescod, MY.H., MI.H., and MA.H.. were conscious of their confinement.

55. Plaintiffs Prescod, MY.H., MI.H., and MA.H. did not consent to the confinement.

56. While detained in the living room, Plaintiffs Prescod, MY.H., MI.H., and MA.H. were not free to leave.

57. There was no probable cause to arrest Plaintiffs Prescod, MY.H., MI.H., and MA.H.

58. There was no reasonable suspicion to stop Plaintiffs Prescod, MY.H., MI.H., and MA.H.

59. Because of the false arrest, Plaintiffs Prescod, MY.H., MI.H., and MA.H suffered physical and emotional harm.

60. The Plaintiffs are entitled to compensatory damages commensurate with the damages caused by the Defendants' unlawful and unreasonable no-knock search of the Home.

61. The Plaintiffs are entitled to punitive damages in light of the reprehensible nature of the Defendants' conduct.

62. Plaintiffs are entitled to attorney's fees arising under 42 U.S.C. §1988(b).

## THIRD: *MONELL*

63. Plaintiffs repeat the allegations above as though set forth again herein.

64. Plaintiffs' constitutional rights were violated by an official policy or custom of the City of New York through the illegal policies, customs and practices of the New York City Police Department.

65.     The New York City Police Department has an official policy and custom of failing adequately to train its police officers on the proper care required for the execution of no-knock warrants.

66.     The New York City Police Department has an official policy and custom of encouraging and otherwise allowing for the pursuit or execution of no-knock warrants even under circumstances where they know that the harms they impose on their targets and families are not justified.

67.     The New York City Police Department has an official policy and custom of failing adequately to discipline its police officers for errors and misconduct in the execution of no-knock warrants.

68.     The illegal policies and customs of New York City, through the New York City Police Department, gave rise to the erroneous and injurious execution of a no-knock warrant at the Plaintiffs' home.

69.     Policymakers in the City of New York know to a moral certainty that police officers will regularly confront circumstances in which they will have an opportunity to execute a no-knock warrant.

70.     Policymakers in the City of New York know to a moral certainty that police officers will regularly confront circumstances in which the potential for no-knock warrant executions will require difficult decisions of the sort that proper training and discipline would make less difficult.

71.     Policymakers in the City of New York know to a moral certainty that police officers who execute no-knock warrants without the appropriate level of care may violate victims' Fourth Amendment rights, including, *inter alia*, in circumstances where such warrants are recklessly executed at the wrong address.

72.     Policymakers in the City of New York know to a moral certainty that police officers who execute no-knock warrants without the appropriate level of care may violate victims' Fourth Amendment rights, including, *inter alia*, in circumstances where such warrants are recklessly executed without appropriate justification for the unique level of invasiveness that marks no-knock warrants.

73.     As a consequence of the unlawful policies, customs and practices, the individually named Defendants in this action violated the Fourth Amendment rights of the Plaintiffs by unreasonably and recklessly executing a no-knock warrant at the wrong address, the Plaintiffs' home.

74.     As a consequence of the unlawful policies, customs and practices, the individually named Defendants in this action violated the Fourth Amendment rights of the Plaintiffs by unreasonably and recklessly executing a no-knock warrant without appropriate justification for such a highly invasive tactic.

75.     The Plaintiffs are entitled to compensatory damages commensurate with the damages caused by the Defendants' unlawful and unreasonable no-knock search of the Home.

76.     The Plaintiffs are entitled to punitive damages in light of the reprehensible nature of the Defendants' conduct.

77.     Plaintiffs are entitled to attorney's fees arising under 42 U.S.C. §1988(b).

**WHEREFORE,** Plaintiffs pray as follows:

A.      That the Court award compensatory damages to Plaintiffs and against the defendants jointly and severally, in an amount to be determined at trial;

B.      That the Court award punitive damages to Plaintiffs and against all defendants in an amount to be determined at trial at a sum that will deter such conduct by defendants in the future;

C.     That the Court award attorney's fees, costs and disbursements;

D.     For a trial by jury;

E.     For a pre-judgment and post-judgment interest and recovery of costs; and

F.     For any and all other relief to which they may be entitled.

Dated:  Garden City, New York
        October 18, 2023

**BARKET EPSTEIN KEARON ALDEA & LOTURCO, LLP**

Seymour W. James, Jr. Esq.
Alexander Klein, Esq.
666 Old Country Road, Suite 700
Garden City, New York 11530
(516) 745-1500

10