UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| BENJAMIN HARRISON and MARKISHA PRESCOD, *Individually and as Parents and Natural Guardians of Infants MY.H, MA.H and MI.H, infants under the age of thirteen,* <br><br>         *Plaintiffs,* <br><br> – against – <br><br> CITY OF NEW YORK, DET. ADAM GEORG, DET. RYAN PRETTY, SGT. EDWARD SCALI, PO COREY FISCHER, UNIDENTIFIED OFFICERS OF THE NEW YORK CITY POLICE DEPARTMENT, THE UNITED STATES, and the FEDERAL BUREAU OF INVESTIGATION, <br><br>         *Defendants.* | **ORDER** <br> 22-cv-04169 (NCM) (CHK) |

**NATASHA C. MERLE**, United States District Judge:

This suit concerns allegations that NYPD officers wrongfully executed a no-knock warrant at plaintiffs' residence in search of a suspect who lived in a different unit. Third Am. Compl. ("TAC") ¶¶ 1–11, ECF No. 50. Plaintiffs also bring a claim against the United States and the Federal Bureau of Investigation ("FBI") (collectively, "Federal Defendants") seeking an order requiring them to provide plaintiffs with documents regarding the execution of the warrant that are not redacted to a greater degree than permitted by law. TAC 3, 10–13.[1] The Court assumes familiarity with the facts and procedural history, which

---

[1] Throughout this Opinion, page numbers for the Certified Administrative Record ("CAR"), ECF No. 61-1, refer to the numbers found in black typeface at the top right corner of each page formatted as "FBI AR 00xxx" rather than the page numbers assigned by the

are discussed in the Court's November 2025 Memorandum and Order. *See* Mem. & Order ("Nov. 2025 Order"), ECF No. 78.

In March 2025, Federal Defendants moved for summary judgment on the basis that the documents they provided plaintiffs contained only lawful redactions. *See* Mot. for Summary J. ("Mot."), ECF No. 75. In November 2025, the Court issued an Order finding that some of the redactions were appropriate while others were not supported by a valid legal basis. *See* Nov. 2025 Order. The Court granted the Motion in part and denied the Motion in part. *See* Nov. 2025 Order. The Court also notified the parties that, pursuant to Fed. R. Civ. P. 56(f)(1), the Court intended to grant summary judgment for the nonmovant plaintiffs with respect to the remaining issues between plaintiffs and Federal Defendants following an opportunity for Federal Defendants to respond. *See* Nov. 2025 Order 33. Finally, the Court invited plaintiffs to move for an order pursuant to 5 U.S.C. § 552a(b)(12) authorizing the disclosure of certain information notwithstanding the Privacy Act. Nov. 2025 Order 34. Plaintiffs moved for such an order in December 2025. *See* Mot. for Disclosure of Purported Priv. Act Materials ("Privacy Act Mot."), ECF No. 80.

In January 2026, Federal Defendants filed a letter responding to the Court's November 2025 Order. *See* Ltr. Respectfully Responding to the Court's Nov. 17, 2025 Order ("FBI Ltr."), ECF No. 82. Federal Defendants raised no objection to the Court granting summary judgment in favor of plaintiffs on the remaining issues. *See* FBI Ltr. Moreover, even though the Court had not yet granted summary judgment for plaintiffs, Federal Defendants voluntarily prepared a revised document production responsive to

---

Electronic Case Filing system ("ECF"). All other page numbers for docket filings refer to the page numbers assigned by ECF.

plaintiffs' document request and an accompanying revised redaction log. *See* Proposed Revised Production, ECF No. 84-1; Proposed Revised Redaction Log, ECF No. 82-1. The Proposed Revised Production purports to fully comply with the reasoning of the Court's November 2025 Order. Ostensibly, for every redaction that the Court found to lack a legal basis, Federal Defendants have either unredacted the material or redacted the material on a different basis. *See* FBI Ltr. 2. Federal Defendants' letter also seeks a modification of the protective order in the case, *see* Protective Order, ECF No. 22, to add an Attorneys' Eyes Only ("AEO") category for the revised production, *see* FBI Ltr. 2–3.

Plaintiffs filed a letter responding to the Federal Defendants' letter. *See* Ltr. Responding to Fed. Defs' Ltr. ("Pls' Ltr."), ECF No. 83. Plaintiffs object to the Federal Defendants' plan to keep certain information redacted by offering a new, lawful basis on which it may be redacted. *See* Pls' Ltr. 1. Plaintiffs also object, in part, to Federal Defendants' request to add an AEO category to the Protective Order. *See* Pls' Ltr. 2–3.

The Court considers each of these issues as well as appropriate next steps in the case.

### I. Privacy Act

The Court first addresses plaintiffs' Privacy Act Motion. At the time of the Court's November 2025 Order, Federal Defendants were redacting certain information on the basis of the Privacy Act. *See* Redaction Log for Certified Administrative Record ("Original Redaction Log"), ECF No. 66-1. In the Federal Defendants' proposed revised production, no redactions are made on the basis of the Privacy Act. *See* Proposed Revised Redaction Log. Accordingly, plaintiffs' motion for the disclosure of materials notwithstanding the Privacy Act is denied as moot with leave to renew.

The Court recognizes that it is not fully clear whether Federal Defendants' proposed revised production contains no redactions on the basis of the Privacy Act because (1) Federal Defendants no longer believe any such redactions are necessary, or because (2) Federal Defendants presumed that the Court would grant plaintiffs' pending Privacy Act Motion before Federal Defendants transmit the Revised Production to plaintiffs. The Court assumes that the former is correct. However, if Federal Defendants believe that the entry of a Privacy Act order under 5 U.S.C. § 552a(b)(12) is necessary before the Proposed Revised Production may be disclosed to plaintiffs, Federal Defendants shall file a letter with the Court so stating on or before May 18, 2026. If Federal Defendants take that position, the Court will *sua sponte* reconsider its decision to deny plaintiffs' Privacy Act Motion as moot.

II.    Protective Order

The Court next addresses Federal Defendants' requested modification of the Protective Order. Under the current Protective Order, the revised production would presumably be subject to a "Confidential" designation, which would limit use of the information to this litigation and restrict disclosure to only plaintiffs' counsel, retained experts, and the plaintiffs themselves. FBI Ltr. 2. Federal Defendants take issue with the plaintiffs themselves having access to information within the revised production. FBI Ltr. 2. Specifically, Federal Defendants assert that the revised production "contains sensitive personal identifying information ('PII') of law-enforcement personnel" such as "names, titles, agencies, offices, squads, phone numbers, email addresses, and other personal information." FBI Ltr. 1–2. Moreover, Federal Defendants argue that "[d]isclosure of that category of information to non-lawyer party participants is

4

unnecessary to litigate the issues in this case and creates avoidable risks of misuse, harassment or other safety and privacy harms." FBI Ltr. 2.

Federal Defendants have not demonstrated "good cause" warranting an AEO designation. *See* Fed. R. Civ. P. 26(c)(1). They offer no specific arguments as to the need for such a restriction, but instead merely present generalized concerns with plaintiffs having access to this information. Without any assertions to indicate that plaintiffs are likely to violate the current Protective Order or otherwise misuse information, harass law enforcement officers, or take any inappropriate action, Federal Defendants have not met their burden to show good cause for withholding information from plaintiffs. In addition, while the "names, titles, agencies, offices, squads, phone numbers, [and] email addresses" of law enforcement officers constitutes personally identifying information, FBI Ltr. 2, Federal Defendants' conclusory argument does not persuade the Court that this information is of such high sensitivity that would necessitate an AEO designation, especially in light of the restrictions already established by the Protective Order. For example, Federal Defendants have not represented that the information contains the names of undercover officers. *See, e.g.*, *United States v. Conyers*, No. 23-cr-00457, 2026 WL 146685, at *1 (S.D.N.Y. Jan. 20, 2026). Nor have Federal Defendants suggested that plaintiffs have a history of engaging in violence against law enforcement personnel. *See, e.g.*, *King v. Conde*, 121 F.R.D. 180, 191 (E.D.N.Y. 1988). The Court is satisfied that the confidential designation in the Protective Order is sufficient to protect the sensitive information in question. Accordingly, Federal Defendants' request for a modification of the Protective Order is denied.

### III.   Proposed "Recoding" of Redactions

Plaintiffs argue that Federal Defendants should not be permitted to redact any information on a basis not previously asserted. Pls' Ltr. 1–2. For example, for information that Federal Defendants previously redacted on the basis of the Law Enforcement Privilege, plaintiffs argue that Federal Defendants cannot now redact that same information on the basis that it is not responsive. Pls' Ltr. 1–2.

The Court disagrees with this argument. The Court does not deem it necessary to impose what amounts to a waiver rule in the manner plaintiffs request. While Federal Defendants may not redact information without a lawful basis, they may redact information for lawful reasons even if that information was previously redacted on a different basis that the Court found invalid.

### IV.   Proposed Revised Production

The Court has reviewed Federal Defendants' proposed Revised Production and proposed Revised Redaction Log. The Court finds that the Revised Production largely complies with the Court's November 2025 Order. However, the Court has identified remaining apparent deficiencies. Accordingly, on or before June 10, 2026, Federal Defendants shall either submit to the Court a second revised production and redaction log removing the following redactions or submit to the Court a letter explaining why the redactions are appropriate. Specifically, the Court has identified the following pages as containing inappropriate redactions:

- Regarding the tables that appear on each of the following pages, Federal Defendants shall unredact column headings (other than names/addresses), row headings (other than names/addresses), legends, text reflecting the date the table was last updated, and cells corresponding to Mr. Elias (even if the cell is blank), or explain why this information is properly redacted: FBI AR 99, 121, 147, 150 to 151, 153 to 171, 173 to 177, 179 to 180, 185, 186 to 187, 188, 222 to 224, 226,

6

227 to 229, 230, 264, 265 to 267, 268, 302, 303 to 305, 306, 340, 341, 342, 395, 416 to 420, 431, 449, 450 to 451, 452, 487, 492, 494, 502, 503 to 505, and 506.

- With respect to FBI AR 98 and 415: Federal Defendants shall unredact these pages or explain why this information is properly redacted.

- With respect to FBI AR 139: Federal Defendants shall unredact the first name listed in the subject line or explain why this information is properly redacted.

- With respect to FBI AR 185 and 498: Federal Defendants shall unredact information related to Mr. Elias or explain why this information is properly redacted.

- With respect to FBI AR 491: Federal Defendants shall unredact responsive information or explain why this information is properly redacted.

- With respect to FBI AR 382 and 486: Federal Defendants assert that these are duplicate documents, but the Court could not confirm this —accordingly, the FBI shall unredact these documents or explain why this information is properly redacted.

- With respect to FBI AR 140 and 376: Federal Defendants assert that these documents concern unrelated incidents, but the documents may be responsive if they were transmitted or utilized in connection with the execution of the arrest warrant—accordingly, the FBI shall unredact these documents or explain why this information is properly redacted.

V.    Entry of Summary Judgment and Next Steps

Federal Defendants' letter does not object to the Court entering summary judgment for nonmovant plaintiffs pursuant to Fed. R. Civ. P. 56(f)(1). *See* FBI Ltr. However, the Court interprets Federal Defendants' submission of the Proposed Revised Production and Proposed Revised Redaction Log as a representation that Federal Defendants intend to voluntarily comply with plaintiffs' document requests and the legal reasoning of the November 2025 Order without the entry of summary judgment in favor of plaintiffs. Accordingly, the Court will not enter summary judgment for plaintiffs at this time.

On or before June 10, 2026, at the same time that Federal Defendants submit the second proposed revised production and redaction log to the Court, Federal Defendants shall also either (1) transmit the second proposed revised production and second proposed redaction log to plaintiffs or (2) submit a letter to the Court stating that they decline to do so until the Court formally enters summary judgment in favor of plaintiffs. Federal Defendants may provide this information to plaintiffs under an appropriate designation under the Protective Order. In the event that Federal Defendants disagree with any of the Court's determinations regarding overbroad redactions, *see supra* Section IV, Federal Defendants should still comply with this paragraph with respect to the documents over which there is no dispute regarding the extent of the redactions. Once the Court has addressed any further arguments raised by Federal Defendants, the Court may, if needed, address the possibility of a supplemented production to plaintiffs.

## CONCLUSION

For the foregoing reasons, plaintiffs' motion for the disclosure of materials notwithstanding the Privacy Act is denied as moot with leave to renew. If Federal Defendants believe that the entry of a Privacy Act order under 5 U.S.C. § 552a(b)(12) is necessary before the Proposed Revised Production may be disclosed to plaintiffs, Federal Defendants shall file a letter with the Court so stating on or before May 18, 2026.

Federal Defendants' request to modify the Protective Order is denied.

On or before June 10, 2026, Federal Defendants shall either submit to the Court a second revised production and redaction log removing the redactions identified in Section IV, *supra*, or submit to the Court a letter explaining why the redactions are appropriate.

The Court will postpone entering summary judgment in favor of plaintiffs and against Federal Defendants unless it becomes necessary to do so.

8

On or before June 10, 2026, at the same time that Federal Defendants submit the second proposed revised production and redaction log to the Court, Federal Defendants shall also either (1) transmit the second proposed revised production and second proposed redaction log to plaintiffs or (2) submit a letter to the Court stating that they decline to do so until the Court formally enters summary judgment in favor of plaintiffs.

**SO ORDERED.**

/s/ Natasha C. Merle
NATASHA C. MERLE
United States District Judge

Dated:        May 11, 2026
              Brooklyn, New York

9